# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 19-1440V**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | |
| STACY HELTON, *Petitioner*, v. SECRETARY OF HEALTH AND HUMAN SERVICES, *Respondent*. | Chief Special Master Corcoran<br>Filed: July 22, 2026 |
| * * * * * * * * * * * * * * * * * * * * * * * * * | |

*John J. Patterson*, Luxon, Patterson & Himes, PLLC, Richmond, KY, for Petitioner.

*James V. Lopez*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On September 19, 2019, Stacy Helton filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1) at 1. Petitioner alleged that an influenza ("flu") vaccine administered on October 3, 2018, caused her to experience an abscess injury at the injection site. *Id.* The issue presented in this case, and the other parallel claims stemming from the same general vaccine event, was a novel one (involving whether the nature of the injury, in light of its likely proximate cause, was compensable in the Vaccine Program).[3] But, although I determined that the general claim was cognizable in the Program, the

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] I offered to resolve entitlement in one as a "test case" from which the results of could be applied to the other, related cases. The parties consented to this, and, an April 25, 2024, I ruled in favor of the petitioner in that case, finding that the administration of the flu vaccine had caused him to experience a right shoulder skin abscess associated with a bacterial infection. *See Silvers v. Sec'y of Health & Hum. Servs.*, No. 20-1V, 2024 WL 2799285 (Fed. Cl. Spec. Mstr.

Petitioner in this case later decided to dismiss the petition with prejudice pursuant to Rule 21(b) in order to pursue a civil action. *See* Motion to Dismiss, dated Aug. 29, 2025 (ECF No. 29).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated June 28, 2026 (ECF No. 34) ("Mot.").[4] This is Petitioner's sole fees and costs request. Petitioner requests **$5,550.00** in attorney's fees and costs (reflecting $5,100.00 in attorney's fees, plus $400.00 in costs) for the work performed by Jud Patterson at Luxon, Patterson & Himes, PLLC. Mot. at 1. Petitioner did not incur any litigation costs personally. Respondent reacted to the present fees request on July 21, 2026. Response, dated July 21, 2026 (ECF No. 35) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees and costs award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$5,500.00**.

## I. Reasonable Basis is Met

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs*., No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs*., 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs*., 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may

---

Apr. 25, 2024); *Stastny v. Sec'y of Health & Hum. Servs.*, No. 20-22V, 2024 WL 5297982 (Fed. Cl. Spec. Mstr. Nov. 20, 2024); *Atkins v. Sec'y of Health & Hum. Servs.*, No. 20-333V, 2025 WL 546859 (Fed. Cl. Spec. Mstr. Jan. 13, 2025); *Williams v. Sec'y of Health & Hum. Servs.*, No. 20-1120V, 2025 WL 1235067 (Fed. Cl. Spec. Mstr. Mar. 31, 2025).

[4] The present fees request was filed out of time. Because Judgment dismissing the claim entered on October 23, 2025 (ECF No. 32), Petitioner's six-month period under Vaccine Rule 13(a) and Section 15(e) of the Act to seek a fee award expired on April 23, 2026 (180 days after). But the request at issue was filed on June 28, 2026, and without any timely motion to extend the relevant timeframe. I am nevertheless resolving the request, in light of the completion of all the related "abscess cases" as well as the overall modest sum at issue.

bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Although Petitioner's claim was voluntarily dismissed, I find that this case was brought in good faith and there was sufficient objective basis to entitle him to a fees and costs award. There was some record evidence that Petitioner experienced an injury after the relevant vaccine, and there were factual issues of the matter that were legitimately disputed. Nothing from a fact standpoint changed in the matter as it proceeded that would justify a finding that reasonable basis ceased to exist (and Petitioner acted promptly in seeking dismissal when issues with the claim later arose). Thus, and in light of the exceedingly lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II. Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which base the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). The *Davis* exception is designed to prevent windfalls to attorneys who work in less expensive legal markets. *See id.* In cases where the bulk of the work is completed outside the District of Columbia, and there is a "very significant difference" between the forum hourly rate and the local hourly rate, the court should calculate an award based on local hourly rates. *Id.* (finding the market rate in Washington, D.C. to be significantly higher than the market rate in Cheyenne, Wyoming).

Petitioner requests the following rates for Mr. Patterson, based on the years work was performed:

| | **Hourly Rate** | **Hours Billed** | **Years Work was Performed** |
|---|---|---|---|
| John Patterson (Attorney) | $500 | 6.50 | 2019–2026 |
| Amy Fonticiella (Paralegal) | $200 | 9.25 | 2019–2021 |

ECF No. 34-1 – 34-2.

I previously determined in a parallel case that Mr. Patterson's requested fees were reasonable and modest under the circumstances. *See Lykins v. Sec'y of Dep't of Health & Hum. Servs.*, No. 19-1444V, slip op. (Fed. Cl. Spec. Mstr. July 16, 2026). I find the amount requested in this matter is similarly reasonable, and shall award it without an extensive evaluation of what rate would be proper (although without finding that counsel's rate should be considered "in forum" either).

## III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $400.00 in outstanding costs for the filing fee. ECF No. 36-3. This cost is typical in the Vaccine Program and thus eligible for reimbursement. Petitioner's costs shall be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, awarding a total amount of **$5,500.00**, reflecting $5,100.00 in attorney's fees and $400.00 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.